**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-14375-CIV-GAYLES**

**JUSTON DARYL POPE**,

Plaintiff,

v.

**ST. LUCIE COUNTY**,

Defendant.
_______________________________/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff Juston Daryl Pope's *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff, a pretrial detainee held at St. Lucie County Jail in Fort Pierce, Florida, seeks leave to proceed *in forma pauperis* ("IFP") [ECF No. 3]. His Complaint is therefore subject to screening under 28 U.S.C. § 1915A. For the following reasons, the Court stays this case pursuant to *Younger v. Harris*, 402 U.S. 37 (1971).

## I. LEGAL STANDARD

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under 28 U.S.C. § 1915A, courts must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(a)–(b); *see also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). In addition, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*,

644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to *sua sponte* dismiss a frivolous case. *See id.*; *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties"). A pleading is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Courts must construe *pro se* pleadings liberally and hold them "to a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, courts do not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## II. DISCUSSION

### A. The Complaint

From the Court's best understanding of the Complaint, Plaintiff alleges that an unidentified sheriff deputy violated his constitutional rights during what Plaintiff describes as "a pretextual stop . . . for suspicion of having drugs or just purchasing drugs" in Fort Pierce, Florida. [ECF No. 1 at 1, 4]. According to Plaintiff, the deputy and his K-9 "cleared" him and his vehicle of possessing illegal drugs. *Id.* at 4. The deputy then ran his vehicle's tags, which "came back as [ ] stolen[.]" *Id.* Although Plaintiff explained that he had permission to drive the vehicle, he was arrested for grand theft auto and questioned by law enforcement. *Id.*

Plaintiff further alleges that another deputy on the scene "smelled alcohol" on his clothes. *Id.* After a field sobriety test was conducted, a deputy charged Plaintiff with driving under the influence. *Id.* Plaintiff was then detained at the St. Lucie County Jail for grand theft auto and driving under the influence, with bail initially set at $1500. *Id.* at 5. According to Plaintiff, the state court increased his bail to $7500 the following day, but either the court or prosecution later

"dropped/abandoned" his grand theft auto charge for lack of probable cause. *See id.* A review of the St. Lucie County court docket reflects a pending criminal traffic proceeding against Plaintiff for driving under the influence. *See State of Florida v. Pope*, No. 2026CT001486 A (Fla. 19th Cir. Ct. 2026).[1]

Plaintiff now sues St. Lucie County for violations of his civil rights pursuant to § 1983. Construed liberally, he appears to assert a claim under the Eighth Amendment's prohibition against excessive bail. *See id.* at 6; U.S. Const. amend. VIII. He also raises claims for false imprisonment, mental anguish, loss of wages, and pain and suffering. *Id.* at 2. He seeks $1,000,000 in damages, "$5,000 per month for the rest of [his] life[,]" and an order from this Court preventing further harassment by law enforcement. *Id.*

Upon careful review, the Court finds that it must abstain from ruling on the merits of the Complaint under the principles established in *Younger* and its progeny. Under *Younger*, federal courts must abstain from interfering in state criminal proceedings when (1) "the proceedings constitute an ongoing state judicial proceeding," (2) "the proceedings implicate important state interests," and (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 432 (1982) (alterations omitted)).

The first *Younger* factor "requires that the federal proceeding interfere with the state proceeding." *Bush*, 329 F.3d at 1275. "In order to decide whether the federal proceeding would interfere with the state proceeding, [courts] look to the relief requested and the effect it would have on the state proceedings." *Id.* at 1276. "The requested relief 'need not directly interfere with an ongoing proceeding'; abstention is required even when the federal proceeding will indirectly

[1] The Court takes judicial notice of Plaintiff's ongoing state prosecution. *See* Fed. R. Evid. 201; *Paez v. Sec'y, Florida Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020).

interfere with the state proceeding." *Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (quoting *Bush*, 329 F.3d at 1276). Where a plaintiff "seeks, among other things, a finding that his constitutional rights were violated during [his arrest]," and where "a finding that [the arrest] was unconstitutional would interfere with the state court's adjudication of the validity of [the plaintiff's charges], . . . the federal proceeding would interfere with the state proceeding." *Id.* Thus, *Younger* abstention applies "where it appears that the federal court would have to rule on issues that would also have to be decided by the state court in the underlying criminal case." *Bullard v. Gonzalez*, No. 15-CV-60038-WJZ, 2015 WL 13831711, at *6 (S.D. Fla. Aug. 31, 2015) (citations omitted).

First, the Court would need to resolve issues implicated in Plaintiff's pending state criminal case to determine whether probable cause supported his driving-under-the-influence charge or whether his bail violated the Eighth Amendment. In other words, this Court would have to imply the invalidity of the state conviction. *See Hamitlon v. Ardon*, No. 24-CV-14184, 2024 WL 3160682, at *2 (S.D. Fla. June 25, 2024) (citing *Younger*, 401 U.S. at 44–45). Second, the proceedings here are related to the state's "important interest in administering aspects of its judicial system, including the adjudication of criminal proceedings." *Mallon v. Fla.*, No. 20-14287-CV, 2020 WL 10354004, at *2 (S.D. Fla. Oct. 1, 2020) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987)), *report and recommendation adopted*, No. 2:20-CV-14287-KMM, 2021 WL 2388945 (S.D. Fla. June 11, 2021).

Third, Plaintiff offers no evidence suggesting that the state proceedings do not provide an adequate opportunity to raise constitutional challenges. The district courts "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at *2 (quoting *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 490 (11th Cir. 2015)). Indeed, Plaintiff "has an adequate opportunity to raise his challenge to the constitutionality of his bond in Florida's state courts[.]" *Dale v. Bradshaw*, No. 21-CV-81383,

2021 WL 3566304, at *3 (S.D. Fla. Aug. 12, 2021) (citation omitted). Furthermore, "the state courts have adequate and effective state procedures to review [Plaintiff's] due process claims." *Cherry v. Powell*, No. 3:21CV1226/MCR/EMT, 2021 WL 5762774, at *3 (N.D. Fla. Nov. 3, 2021) (subsequent litigation history omitted). Accordingly, all three elements of *Younger* are met, and the Court will stay this matter until Plaintiff's state criminal proceedings are resolved. *See Parris v. Taft*, 630 F. App'x 895, 899 (11th Cir. 2015) ("When a plaintiff seeks monetary damages and *Younger* abstention applies, a district court may stay the action, instead of dismissing the plaintiff's complaint, until the state proceedings have run their course." (citing *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985))).

**B. The IFP Motion**

Lastly, Plaintiff's Motion to Proceed IFP is denied. Prisioners "seeking to bring a civil action . . . without prepayment of fees or security therefor(e)" are responsible for filing an affidavit of indigency and "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a); *see also* § 1915(h) (defining "prisoner" as "any person incarcerated or *detained* in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" (emphasis added)).

Plaintiff's IFP Motion was not accompanied by a six-month inmate account statement. The six-month account statement is needed because under § 1915(b), if a prisoner or detainee brings a civil action *in forma pauperis*, the prisoner must pay the full filing fee, which will be assessed in partial payments by this Court. This Court cannot make the determination required by § 1915(a) as to a payment schedule without the six-month account statement.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **STAYED**. Plaintiff is responsible for notifying the Court upon resolution of his state criminal proceedings. Failure to comply may result in the dismissal of the Complaint without prejudice.
2. Plaintiff's Motion to Proceed IFP [ECF No. 3] is **DENIED**.
3. The Clerk is **DIRECTED** to **CLOSE** the case.
4. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of September, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Juston Daryl Pope
54347
Saint Lucie County Jail
900 North Rock Road
Fort Pierce, Fl 34952
PRO SE